# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

J&J SPORTS PRODUCTIONS INC.,

                Plaintiff,

v.

TOETZ ENTERPRISES LLC, *d/b/a* ROUNDING THIRD, and TIMOTHY ROBERT TOETZ,

                Defendants.

Case No. 15-CV-1411-JPS

**ORDER**

This action is over two years old. It arises from Defendants' unauthorized showing of a pay-per-view boxing match, the rights to which are owned by Plaintiff. The case was set for a jury trial to begin on January 9, 2017. (Docket #17). However, at the parties' request, the Court vacated the trial date so that they could seek arbitration. The arbitrator issued a decision on August 15, 2017, awarding Plaintiff a total of $5,463.80, which included $350 in damages and $3,625 in attorney's fees. *See* (Docket #24 at 1–2).

On October 23, 2017, Plaintiff filed a motion pursuant to 9 U.S.C. § 11 requesting modification of the award. *Id.* at 2–6. Plaintiff claims that the arbitrator miscalculated the proper amount of damages. *See id.* Defendants filed a letter shortly thereafter, complaining that Plaintiff was attempting to undo what they believed to be a final and binding resolution of their dispute. (Docket #25). Defendants are plainly mistaken; while arbitration is indeed binding, the very purpose of the Federal Arbitration Act ("FAA") is to permit certain limited challenges to arbitration decisions. *See*

9 U.S.C. §§ 10–11; *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008).

Moreover, Defendants failed to timely file a memorandum in opposition to Plaintiff's motion. The Court does not decide matters based on competing letters of counsel, so their letter of October 27 does not count. Even if it did, however, because of counsel's failure to appreciate the function and purpose of Title 9, the letter offers no substantive opposition to Plaintiff's motion. Thus, the Court could grant the motion as unopposed. Civ. L. R. 7(d).

But Plaintiff's motion has its own fatal defects which the Court may not overlook. First, Plaintiff did not file the arbitrator's decision with the Court. It claims to have done so, *see* (Docket #24 at 2 n.1), but the actual document attached as Exhibit 1 to the motion is Plaintiff's brief to the arbitrator, not the ultimate decision, *see* (Docket #24-1). Thus, Plaintiff has not fully equipped the Court to review the arbitrator's decision and its challenges thereto.

Second, and more importantly, Plaintiff's motion overstates the relief available to it under the FAA. Plaintiff reports that the arbitrator awarded $350.00 in damages and that the balance of the $5,463.80 was comprised of attorney's fees, costs, and expenses.[1] In support of its request for modification of the award, Plaintiff cites Section 11(a) of the FAA, which permits modification by the district court "[w]here there was an evident material miscalculation of figures or an evident material mistake

---

[1]Without a copy of the decision, the Court cannot confirm Plaintiff's representation of this fact. For purposes of this decision, however, the Court can take Plaintiff at its word on this point.

in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a).

Plaintiff says that the $350 damages award was "miscalculated" inasmuch as it was too low. (Docket #24 at 3). The arbitrator apparently multiplied the cover charge for Defendants' showing of the fight—$7.00—by the number of attendees—50—to arrive at the $350 figure. *See id.* Plaintiff contends that the proper calculation should have started with the commercial licensing fee for the event, which was $2,200. *Id.* at 4; (Docket #24-2). Anything less would incentivize future piracy, as the pirate could count on paying less in damages than if he licensed the showing in the first place. *See J & J Sports Prods., Inc. v. Castrillon*, No. 07–cv–02946(FB)(WP), 2009 WL 1033364, at *4 (E.D.N.Y. Apr. 16, 2009). Furthermore, says Plaintiff, the arbitrator should have awarded enhanced statutory damages as are available under 47 U.S.C. § 605(e)(3)(C)(ii). (Docket #24 at 4–5).

However persuasive may be Plaintiff's reasoning, an "evident material miscalculation" in an arbitration award should not be confused with mere disagreement with the arbitrator's decision. Judicial review of arbitration decisions is exceedingly narrow. *See AIG Baker Sterling Heights, LLC v. Am. Multi–Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) ("Because arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law."). The FAA was not designed to facilitate a *de novo* review of the arbitrator's conclusions. *See Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1267

(7th Cir. 1992); *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1256 (7th Cir. 1994).

In particular, relief under Section 11(a) is limited to "simple formal, descriptive, or mathematical mistake," *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 749 (8th Cir. 1986), not disagreement over factual or legal decisions deliberately made. In other words, Section 11(a) reaches only computational errors, not legal or factual mistakes concerning the amount of damages that should be awarded or the value of the subject property. *See Waddell v. Holiday Isle, LLC*, Civil Action No. 09–0040–WS–M, 2009 WL 2413668, at *3 (S.D. Ala. Aug. 4, 2009) (collecting cases). Simply put, Section 11(a) does not apply to "an interpretation of the law and facts as [the arbitrator] saw them." *Capital Wholesale Elec., Inc. v. McCarthy Constr.*, 50 F.3d 13, 1995 WL 105987, at *2 (9th Cir. 1995).

As a consequence, saying that the arbitrator made an arithmetical error in calculating damages is one thing, but accusing the arbitrator of making a legal or factual error arriving at a damages award is another. Plaintiff's complaint is of the latter type; it does not accuse the arbitrator of a scrivener's error but says that "[t]he evident material mistake with respect to the description of the property derives from the arbitrator's determination that the value of the property was $7.00, and the material miscalculation herein derives from the arbitrator's decision to utilize the Defendants' $7.00 cover charge as the basis for calculating damages." (Docket #24 at 3). Plaintiff's own words show that the arbitrator consciously decided to value the showing of the fight in this way.

Similarly, Plaintiff's concern about enhanced damages is that they were warranted by the law and the facts, not that the arbitrator's arithmetic was faulty. *Id.* at 4 ("[T]he arbitrator should have awarded enhanced statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii). It is clear from the evidence that the actions of Defendants were willful and for financial gain."). Indeed, Plaintiff's brief to the arbitrator shows that it requested enhanced damages, *see* (Docket #24-1 at 5), so the failure to award them was, again, a deliberate choice of the arbitrator. If the arbitrator's decision on these matters was error, it is outside the Court's power to review.

Thus, given that Plaintiff's purported objections to the award are not reviewable under Section 11(a), there is nothing left to do but deny Plaintiff's motion and dismiss this case. If the parties agreed to have the arbitration award confirmed in a judgment of this Court, time remains for them to apply for the same. *See* 9 U.S.C. § 9.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to modify the arbitrator's award (Docket #23) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge